Sikora, J.
Upon consideration of Boston Gas Company’s motion to reopen judgment, all supporting materials, all opposing materials submitted by the plaintiff Thrasher and the Town of Worcester, and extensive oral argument submitted by all parties at a hearing of November 25, 1997,1 find and conclude as follows.
*168 1. (a) Boston Gas Company does have respectable or arguable factual defenses for presentation. Specifically it will offer evidence that the water damage to Thrasher’s property and business inventory proximately resulted from the negligence of the Town of Webster, not Boston Gas, allegedly (1) because the Town’s personnel failed to identify the location of the lateral water line to Boston Gas, by street surface markings or by oral communication throughout the two days of work on site; (2) because the Town’s own initial attempted repair to the lateral main on the first day further damaged the lateral line and left it to cause the overnight flooding into Thrasher’s basement; and (3) because the Town failed to conduct an adequate overnight monitoring of the repair work.
(b) The Town has responded (1) that the location of the lateral main was known or easily discoverable to Boston Gas from the visible location of the on-street shut-off valve adjacent to Thrasher’s store and (2) that Boston Gas made no inquiry to the Town about the lateral line location throughout the first day of work until its machinery ruptured the line.
(c) In these circumstances a legitimate issue of liability exists for adjudication. As a standard for reopening the judgment of a trial which Boston Gas negligently failed to attend, I apply by the criteria of excusable neglect of Mass.R.Civ.P. 60(b)(1) and the analogous, overlapping criteria governing the removal of a default judgment (in substance the result of Boston Gas’ failure to appear for trial after notice from the court) under Mass.R.Civ.P. 55(c). See Broome v. Broome, 40 Mass.App.Ct. 148, 152-53 (1996); and Berube v. McKerson Wine & Spirits Company, 7 Mass.App.Ct. 426, 430-31 (1979). Under these standards, the assertion of a respectable defense by Boston Gas, the preference of the law for resolution of the merits, the relative promptness of the request for relief from the judgment, the substantial stakes of the case (over $90,000.00 now with interest), and the relative brevity of an expected new bench trial (approximately two days) all weigh in favor of a new trial.
2. At the same time, none of the grounds asserted by Boston Gas for a new trial relate to the amount of the damages determined upon the evidence of the first trial. Consequently, the amount of basic compensatory damages established at the original trial shall remain fixed and closed. The new trial shall relate exclusively to the issue of liability, and its allocation— if any — between Boston Gas Company and the Town of Webster.
3. If they wish, the plaintiff Thrasher and the defendant Town may depose the Boston Gas Company employee affiants Pedro Luis Alicea and Donald Peters within 45 days of receipt of notice of the present written decision.
4. Finally, Boston Gas must bear some responsibility for the required retrial of this action and must compensate the parties Thrasher and Town of Webster accordingly. At the hearing of November 25, 1997, information emerged about the reason for Boston Gas’ absence without leave from the original trial of early 1997. One of the Gas Company’s original counsel of record (to whom the Worcester Superior Court Clerk sent notice of all matters) moved from his in-house address at the Company’s Boston headquarters to a separate private office without notice to the clerk. The clerk therefore sent all notices (including the trial notice) to the original address. For some reason, headquarters did not forward the Clerk’s mail to counsel; or counsel did not receive it from headquarters. The breakdown in the Gas Company’s internal communication caused the first trial absence and now necessitates a partial retrial. New counsel now represent the Company and have presented the motion to reopen.
5. (a) The result, however, inflicts some wasted time and effort upon the other parties and the court. Boston Gas must compensate Thrasher and the Town of Webster for the additional legal expenses resulting from its failure to attend the originally noticed trial. That additional work and time consists of the papers prepared by those parties in opposition to the motion to reopen: the time of travel and argument at the hearing of November 25, 1997; and some anticipated time of preparation for, and conduct of, the retrial upon liability.
(b) As a rough, but rational, approximation of that additional time, I estimate that Thrasher will incur 15 hours of legal effort; and the Town of Webster 20 hours. I value the hourly rate of the participating attorneys at $150.00. Consequently Boston Gas should remunerate Thrasher in the amount of $2,250.00 in legal fees; and the Town of Webster in the amount of $3,000.00.
6. The case should proceed expeditiously to a trial without jury before a Justice sitting in the appropriate session for the County of Worcester.
ORDER
Accordingly, the court ORDERS:
(1) the allowance of defendant Boston Gas Company’s motion to reopen judgment for a partial new trial upon the issue of liability only;
(2) expeditious scheduling of the partial new trial by communication between the parties and then with the Clerk; and
(3) payment by Boston Gas Company to Thrasher of legal fees in the amount of $2,250.00 and to the Town of Webster of legal fees in the amount of $3,000.00 proximately caused by the Gas Company’s excusable, but not cost-free, neglectful failure to attend the first trial.